UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

PAUL R. KOCH,

                                        Debtor.
-----------------------------------------------------------------x
PAUL R. KOCH,

                                        Appellant,                                        **ORDER**

        – against –
                                                                                No. 24-CV-2838 (CS)
THOMAS C. FROST,

                                        Appellee.
-----------------------------------------------------------------x

Seibel, J.

       Before the Court is Appellant Paul R. Koch's *pro se* appeal from an order entered in his

bankruptcy case.  For the reasons stated below, the Court dismisses Appellant's appeal.

I.      **BACKGROUND**

       On November 22, 2023, Appellant filed a voluntary Chapter 13 bankruptcy petition.  (*In

re: Paul R. Koch*, No. 24-20001 (Bankr. S.D.N.Y.), ECF No. 1.)[1]  The same day, the Bankruptcy

Court entered a Deficiency Notice because Appellant had failed to file certain required

documents.  (Bankr. Dkt. ECF No. 3.)  The Deficiency Notice indicated that if Appellant failed

to file the documents required under 11 U.S.C. § 521(a)(1) by December 6, 2023, the case would

be subject to automatic dismissal.  (*See id.*)  On November 27, 2023, the Bankruptcy Court

scheduled a hearing on automatic dismissal for January 18, 2024.  (Bankr. Dkt. ECF No. 8.)  On

---

[1] All further citations to docket entries from the underlying bankruptcy case will be
denoted using "Bankr. Dkt."

December 12, 2023, Appellant filed a motion requesting that the deadline to file the required documents be extended to December 29, 2023, which motion the Court also slated for consideration at the January 18 hearing.  (Bankr. Dkt. ECF Nos. 12, 13.)  The Bankruptcy Court did not formally rule on the application for an extension of time, but neither did Appellant file the required documents by December 29, 2023, or at any time thereafter.  (*See generally* Bankr. Dkt.)  On January 16, 2024, the January 18 hearing was adjourned to March 13, 2024.  (Bankr. Dkt. ECF Nos. 28-31.)

On March 12, 2024, Appellant filed an emergency motion requesting that the court continue the March 13 hearing because he could not appear in Poughkeepsie for the proceeding. (Bankr. Dkt. ECF No. 48.)  The court proceeded to hold the March 13 hearing, at which the case was automatically dismissed.  (*See* Bankr. Dkt. Minute Entries dated Mar. 13, 2024.)  Thus, Appellant's motion for a continuance was *de facto* denied.  On March 15, 2024, the court entered a written order dismissing the case pursuant to 11 U.S.C. § 521(i)(1) for Appellant's failure to timely file the documents required by 11 U.S.C. § 521(a)(1).  (Bankr. Dkt. ECF No. 49.)  On April 1, 2024, Appellant filed a motion to reconsider the dismissal, which the court denied on April 4, 2024.  (Bankr. Dkt. ECF Nos. 54, 56.)[2]  Also on April 1, 2024, Appellant filed a notice of appeal in the Bankruptcy Court.  (Bankr. Dkt. ECF No. 55.)

---

[2] In the order denying the motion for reconsideration, the Bankruptcy Court noted that this is Appellant's fourth voluntary Chapter 13 filing and that all four cases have been dismissed. (Bankr. Dkt. ECF No. 56 at 1 n.1.)  Three of the cases were dismissed for failure to file required documents, among other things, while the third case was dismissed upon Appellant's request. (*Id.*)

The Court notes that Appellant has demonstrated a pattern of neglect in these cases.  In the first case, filed on August 14, 2018, (*In re: Paul R. Koch*, No. 18-23246 (Bankr. S.D.N.Y.), ECF No. 1), Appellant appealed several of the Bankruptcy Court's orders, and his appeal was dismissed for failure to prosecute, (*In re: Paul R. Koch*, No. 19-CV-2830 (S.D.N.Y.), ECF No. 13).  The Bankruptcy Court dismissed the second case for cause pursuant to 11 U.S.C. § 1307(c) for failure to file a Chapter 13 plan, failure to commence making Chapter 13 plan payments,

Appellant's notice of appeal was docketed in this Court on April 15, 2024.  (ECF No. 1.) Although Appellant indicates in the notice of appeal that he is appealing from "[o]rders . . . denying [his] continuance," (*id.* at 1), the Court construes his appeal as appealing the March 15 Order dismissing the case pursuant to 11 U.S.C. § 521(i)(1), because the *de facto* denial of his motion for a continuance would not be appealable as of right, Appellant never sought leave to appeal the denial of his motion for a continuance (nor could he have done so before that appeal became moot), and the gravamen of his appeal seems to be that the court automatically dismissed his case without giving him more time, causing him "irreparable harm," (*id.*).

On May 1, 2024, I ordered Appellant to advise the Court, no later than May 15, 2024, whether he wished to pursue this appeal, and if so, why he had not yet filed the documents required by Federal Rule of Bankruptcy Procedure 8009.  (ECF No. 2.)  In so ordering, I warned Appellant that the failure to do so might result in dismissal for failure to prosecute.  (*Id.*) Appellant has not responded to the Court's order.

## II.    LEGAL STANDARD

"A district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*." *Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28,

---

failure to appear at the section 341 meeting of creditors, and failure to file several required documents. (*In re: Paul R. Koch*, No. 20-20000 (Bankr. S.D.N.Y.), ECF No. 31.)  In the third case, filed on May 2, 2023, the Bankruptcy Court granted a secured creditor's motion for in rem relief from the automatic stay on June 6, 2023. (*In re: Paul R. Koch*, No. 23-22321 (Bankr. S.D.N.Y.), ECF No. 34.)  On the same day, Appellant requested an immediate dismissal of the bankruptcy case, (*id.* ECF No. 32), which the court granted on June 9, 2023, (*id.* ECF No. 43). On June 23, 2023, Appellant moved for an extension of time to appeal and file a motion to reconsider the order granting in rem relief from the automatic stay. (*Id.* ECF No. 49.)  The court denied the motion on November 30, 2023 for failure to prosecute, noting that Appellant failed to appear at a July hearing regarding his motion. (*Id.* ECF No. 54.)

3

2020).[3] "[T]he Second Circuit instructs that the district court should exercise its discretion to determine whether dismissal is appropriate in the circumstances," and "[a]n appeal should be dismissed when failure to prosecute was inexcusable." *Id.* The Second Circuit has further cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations" and "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). But "even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Courts in this Circuit consider several factors when deciding whether to dismiss in this context, including "bad faith, negligence, and indifference." *Motors Liquidation Co.*, 2020 WL 2765695, at *2. "Other factors include 1) the duration of appellant's failures or non-compliance; 2) whether appellant had notice that such conduct would result in dismissal; 3) whether prejudice to the appellee is likely to result; 4) the balance of the court's interest in managing its docket against appellant's interest in receiving an opportunity to be heard; and 5) the efficacy of a sanction less draconian than dismissal." *Id.* "No single factor is dispositive." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-08245, 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023). "Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted." *Id.*

---

[3] The Court will send Plaintiff copies of any unreported cases cited in this Order. Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

### III.    DISCUSSION

The factors weigh in favor of dismissal here.  Under Federal Rule of Bankruptcy Procedure 8009, an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented[ ] . . . within [fourteen] days after:  (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered."  Fed. R. Bankr. P. 8009(a)(1).[4]  Appellant's notice of appeal was docketed in the Bankruptcy Court on April 2, 2024, (*see* Bankr. Dkt. ECF No. 55), and docketed in this Court on April 15, 2024, (ECF No. 1).  Three months have passed since the notice of appeal was docketed in this Court, and Appellant has not filed a designation of the items to be included in the record or a statement of the issues presented.

"The Second Circuit has made clear that filing a Designation and Statement is mandatory, and that a late filing will only be accepted if . . . the failure to act was the result of excusable

---

[4] "Section 158(a) of title 28 of the United States Code vests district courts with appellate jurisdiction over bankruptcy court rulings." *In re Calpine Corp.*, 356 B.R. 585, 592 (S.D.N.Y. 2007).  "[F]inal orders of the bankruptcy court may be appealed to the district court as of right, [while] appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court." *In re Orange Boat Sales*, 239 B.R. 471, 473 (S.D.N.Y. 1999) (first citing 28 U.S.C. § 158(a)(1), then citing and quoting 28 U.S.C. § 158(a)(3)).  "Under [28 U.S.C. § 158(a)], an appeal of right lies from final judgments, orders, and decrees entered by bankruptcy courts in cases and proceedings." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020). The Supreme Court has clarified that "[b]y providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Id.*  Thus, where the "proceeding" is the adjudication of a motion, the bankruptcy court's order is final if the adjudication of a motion leaves nothing more for the court to do in that proceeding. *Id.* at 47.  Here, the Bankruptcy Court's order dismissing the case pursuant to 11 U.S.C. § 521 (i)(1) is final and immediately appealable, giving rise to Appellant's ability to appeal as of right.  Appellant filed his notice of appeal on April 1, 2024.  (Bankr. Dkt. ECF No. 55.)  Thus, the designation of items to be included in the record on appeal and statement of issues were due on April 15, 2024. *See In re: The Alphas Co. of N.Y. Inc.*, No. 15-CV-1106, 2016 WL 347341, at *3 (S.D.N.Y. Jan. 27, 2016).

neglect within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure." *In re MF Glob. Holdings Ltd.*, No. 17-CV-167, 2017 WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017). To determine whether a party has demonstrated "excusable neglect," a court evaluates "all relevant circumstances," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993). "The Second Circuit has taken a hard line on excusable neglect, finding that . . . the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." *Curet v. United States*, No. 14-CV-2703, 2017 WL 5897410, at *3 (E.D.N.Y. Nov. 29, 2017). "This hard line approach focuses primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *In re Residential Cap., LLC.*, No. 12-BK-12020, 2014 WL 1363368, at *2 (Bankr. S.D.N.Y. Apr. 7, 2014); *see Piña v. United States*, No. 20-CV-1371, 2022 WL 782996, at *4 (S.D.N.Y. Mar. 15, 2022) ("The Second Circuit has emphasized . . . that it is the third factor – the reason for the delay – that predominates, and the other three are significant only in close cases."). "The burden of proving excusable neglect lies with the late-claimant," *In re Seven Oaks Partners, LP*, 749 F. App'x 67, 68 (2d Cir. 2019) (summary order), and "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test," *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005).

First, the length of Appellant's delay and noncompliance is significant here. Three months have passed since the Designation and Statement were due and Plaintiff has provided no

6

excuse for that failure.  This delay is sufficient to warrant dismissal.  *See Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *In re: The Alphas Co. of N.Y. Inc.*, 2016 WL 347341, at *3 (concluding that appellant should have filed the designation and statement 14 days after filing the notice of appeal in the bankruptcy court and that appellant's delay of almost three months in doing so was not the result of excusable neglect); *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) ("[A] bankruptcy appeal cannot proceed without a Designation and Statement.  If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end.").

Second, the Court ordered Appellant to advise the Court no later than May 15, 2024 whether he wishes to pursue the appeal and warned Appellant that failure to do so might result in dismissal for failure to prosecute.  (*See* ECF No. 2.)  The Court's deadline passed two months ago, and Appellant has not responded to the Court's order.  Thus, Appellant has demonstrated indifference to and neglect of this case, if not intentional abandonment.  "As other courts have noted, it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Motors Liquidation Co.*, 2020 WL 2765695, at *2.

Third, prejudice to Appellee may be presumed because Appellant's delay is inexcusable. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (district court "reasonably found that prejudice to defendants could be presumed because the delay was not reasonable"); *Sanango*, 2023 WL 145521, at *2 (plaintiff's delay was inexcusable where he failed to comply with Court's orders and did not advance the case).

Fourth, "noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Sanango*, 2023 WL 145521, at \*2.  Appellant has failed to comply with the Court's May 1 order and has not indicated to the Court that he intends to pursue this case.  Accordingly, as to the fifth factor, sanctions less draconian than dismissal would also be ineffective.  *See Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *Copiel v. Pugliese*, No. 19-CV-4231, 2021 WL 2792182, at \*3 (E.D.N.Y. Apr. 29, 2021) ("[W]hen a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter."), *report and recommendation adopted as modified*, 2021 WL 2659985 (E.D.N.Y. June 29, 2021).

## IV.    CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute and pursuant to Rule 8 of the Court's Individual Practices (which provides that a bankruptcy appeal may be dismissed if the opening brief is not timely filed).  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 19, 2024
        White Plains, New York

_____
       CATHY SEIBEL, U.S.D.J.

8